# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 864 | **DATE** | 9/12/2012 |
| **CASE TITLE** | Jonathan Garcia vs. Trooper Williams, *et al*. | | |

**DOCKET ENTRY TEXT**

Defendant Williams' motion to dismiss [15] is denied.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

    Defendant Seth Williams has filed a Rule 12(b)(6) motion to dismiss some or all of the six counts in the complaint. This case arises out of a traffic stop. Plaintiff alleges he was pulled over for speeding on Interstate 55 and then handcuffed in the back of the police car because the officers mistakenly (and unreasonably, accord to plaintiff) believed that he (Jonathan Garcia) matched a warrant for a man named Juan Garcia. After checking a computer database, plaintiff was allowed to drive away. Plaintiff is upset, however, with three aspects of this encounter. First, he alleges that he provided the officers "with a valid driver's license, social security number and date of birth demonstrating that he was in fact Jonathan Garcia" and not Juan Garcia. (Cmplt. ¶ 27.) He apparently concedes that the officers initially had reasonable grounds for investigating whether he was the man sought in the warrant, but that the officers were too slow in reaching this conclusion or, perhaps, that they persisted in holding him *after* they knew he was not Juan Garcia. Plaintiff states that they detained him "significantly longer" than necessary to investigate his identity (¶ 26), although he does not say exactly how long the encounter lasted. (Given that it occurred all on the side of the highway, the encounter likely did not go on indefinitely.) Second, plaintiff complains that he was handcuffed "extremely tightly, causing redness, swelling and bruising on [his] hands and wrists." (¶ 28.) Third, he complains that the officers unreasonably searched his car without his permission while he sat in the squad car.

    The complaint has six counts. Count I is an excessive force claim pursuant to 42 U.S.C. § 1983 and the Fourth Amendment. Count II is a false arrest claim under § 1983. Count III is a false arrest claim under state law. Count IV is a claim under § 1983 for an unreasonable search of his car. Count V is an unreasonable traffic stop claim under § 1983 for stopping plaintiff for speeding allegedly without having any basis to believe he might be speeding. (Plaintiff does not offer a theory as to why the officers would have stopped him without any basis.) Count VI (incorrectly labeled Count V) is a claim for unreasonable continued detention pursuant to § 1983.

    Defendant Seth Williams (the only officer specifically named in the complaint) offers two arguments for

| STATEMENT |
|---|

dismissal.  The first is that all the six counts should be dismissed against him because in one of the 57 paragraphs of the complaint, the plaintiff uses the phrase "some or all of the DEFENDANT OFFICERS."  (¶ 4.)  Based on this one phrase – the rest of the complaint does not contain the qualifying language and instead says unequivocally "DEFENDANT OFFICERS" – defendant Williams argues that there is no clear allegation he was present or in any way involved in the alleged wrongdoing. (This sounds like a *second* case of mistaken identity.)  We find this argument weak, as it relies on one stray and ambiguous reference in the complaint.  A fair reading of the complaint is that Williams was in fact present and participated in this single-encounter traffic stop.  This is not a situation where the events took place at multiple places at different times and where some officers may have been present only at some of the events.  If it is true that defendant Williams was not present at the traffic stop and was in no way involved in these events, this fact can be developed and clarified quickly in discovery and defendant Williams can then file a short motion for summary judgment.

     Defendant Williams' second argument is much stronger.  He seeks to dismiss three of the six counts (Counts II, III, and VI) because the decision to hold plaintiff while the officers checked out his identification was reasonable and was, at best, a case of mistaken identity.  Put simply, as characterized by defendant Williams, the complaint alleges "nothing more than a brief roadside detention during a routine police investigation to determine whether an outstanding warrant matched Plaintiff's description." (Def. Mem. at 5.)  In response, plaintiff states generally that the question of reasonableness should not be resolved on a motion to dismiss.  He takes issue with the characterization of the stop as "brief" and "routine" and suggests that the officers intentionally held plaintiff without any legitimate basis.  Although defendant has presented a strong argument, we are not willing to dismiss these counts on a motion to dismiss.  This decision is influenced in large part by the fact that, even if we were to grant the motion, discovery would still go forward on the other three counts (excessive force and the car search).  Discovery regarding these counts will cover the same facts because all the counts arise out of the same traffic stop. Moreover, as the briefs reveal, the facts are in dispute or at least not clear about the length of the stop, the exact investigatory steps the officers took, and other issues.  Given these facts, the more prudent course is to allow discovery to go forward and to address these questions on a motion for summary judgment (if appropriate) at which time the facts will be better developed.